# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. xx-xxxV
Filed: May 6, 2015
Redacted and Reissued: May 8, 2015
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| J.K., | \* | |
| | \* | |
| Petitioner, | \* | |
| | \* | |
| v. | \* | Influenza ("flu") and hepatitis A vaccines; |
| | \* | seizure; no sequelae; no expert report; |
| SECRETARY OF HEALTH | \* | petitioner moves for decision on the |
| AND HUMAN SERVICES, | \* | written record; dismissed |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Myles D. Jacobson, Northampton, MA, for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On September 8, 2014, petitioner sued under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that either or both influenza ("flu") and hepatitis A vaccines he received on September 21, 2011 caused him to have a seizure the next day.

Evidence in the record shows that petitioner never had any subsequent seizures, although he is prone to blacking out after he smokes marijuana. Petitioner never filed an expert report

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. Petitioner made a timely motion to redact the case number and petitioner's name from the decision on May 7, 2015. The undersigned grants petitioner's motion and reissues this redacted decision.

supporting his allegation that either one or both of his vaccinations caused his seizure. Moreover, he has not proven that he had more than six months of sequelae as the Vaccine Act requires. A number of the illnesses of which he complains, such as anxiety and panic attacks, pre-date his vaccinations.

On May 5, 2015, petitioner filed a status report, in lieu of a motion, stating he "wishes the Special Master to rule on his Petition based on the existing record."

The undersigned **GRANTS** petitioner's "motion" and **DISMISSES** this case for failure to prove that either one or both flu and hepatitis A vaccines caused petitioner's seizure.

## FACTS

Petitioner was born on July 8, 1993.

On September 21, 2011, he received flu and hepatitis A vaccines. Med. recs. Ex. 17, at 7, 8.

On September 22, 2011, Margate Fire Rescue Field Notes record a fall/seizure/hematoma over petitioner's right eye. Med. recs. Ex. 2, at 1.[2] He had a history of gastroenteritis and was on Zytec and Prevacid. Id. Petitioner's father found him unconscious on the floor seizing. Id. The EMTs gave him 5 mg of Valium, and petitioner's seizure stopped. Id. Petitioner vomited and was suctioned. Id. He was intubated and taken to North Broward Medical Center. Id.

On May 29, 2012, Dr. Ridwan Lin of Broward Health North Clinic wrote a letter describing his May 11, 2012 visit with petitioner. Med. recs. Ex. 3, at 1. Dr. Lin noted that petitioner had been hospitalized at North Broward Medical Center in September 2011 after a generalized seizure. Id. Petitioner had received flu vaccine before the seizure, but "it was unclear whether they were related." Id. Petitioner's EEG was normal. Id. Petitioner's brain MRI was normal. Id. Petitioner was prescribed Ritalin, but he self-discontinued. Id. A repeat EEG in December 2011 showed some slowing but no epileptiform activity. Id. Petitioner had been doing well neurologically with no recurrent seizure. Id. Petitioner had multiple other complaints, including anxiety and panic attacks. Id. He had been diagnosed with severe anxiety disorder and sees a psychiatrist. Id. Petitioner also had headache, insomnia, and pain in his knees. Id. He claimed he had thyroid abnormalities. Id. He had a history of food poisoning and gastroenteritis. Id. Petitioner had used marijuana. Id. On physical examination, petitioner did not have swelling in his knees. Id. He had a depressed mood. Id. Dr. Lin's diagnosis was single episode generalized seizure possibly related to flu vaccine. Id. at 2. Petitioner had no epileptiform activity. Id. Dr. Lin recommended petitioner see a psychiatrist to manage his anxiety and panic attacks. Id.

---

[2] Petitioner initially used letters to designate exhibits instead of numbers. See Order, Nov. 25, 2014, ECF No. 10 (re-designating the lettered exhibits as numbered exhibits).

On June 1, 2012, petitioner saw Dr. Lin again. Med. recs. Ex. 5, at 3. Dr. Lin wrote that, since his past visit, petitioner had had episodes of blacking out where he fell. Id. He denied loss of consciousness. Id. He had no visual loss, language disturbance, focal weakness, or sensory loss. Id. Dr. Lin wrote, "These episodes occur after he smokes marijuana." Id. Petitioner still had anxiety and panic attacks and pain in his wrists and knees. Id. He had an appointment to see a rheumatologist. Id. He was no longer taking Topamax. Id. Dr. Lin's diagnosis was falls, but he was not clear if they were syncopal spells. Id. at 4. He advised petitioner against continuing to smoke marijuana. Id. He prescribed a repeat EEG and recommended petitioner see a psychiatrist for anxiety and panic attacks. Id.

On November 12, 2013, Dr. Lin wrote that a rheumatologist diagnosed petitioner with fibromyalgia. Id. at 5. Petitioner said his pediatrician diagnosed him with a thyroid disorder. Id. Petitioner said he yawned a lot. Id.

On January 27, 2014, petitioner had an initial psychiatric evaluation at University Hospital and Medical Center with Dr. Robert Antoine. Med. recs. Ex. 13, at 12. Petitioner had a history of paranoid type schizophrenia, aggressive and impulsive behaviors, irrationality, threatening his father, delusions, paranoia, somatic preoccupations, medication noncompliance, disorganized thought processes, self-mutilation, and was smoking one gram per day of marijuana to gain weight. Id. at 12–13. Petitioner started smoking marijuana when he was 16 or 17 years old (in 2009 or 2010 before his 2011 vaccinations). Id. at 13. He stopped three months ago. Id. Petitioner's mother had manic depression and died when he was five years old. Id. His father used to grow cannabis before stopping three years ago after petitioner went to the police. Id. Petitioner's speech was rambling. Id. He had somatic preoccupations, and his judgment and insight were poor. Id. Dr. Antoine diagnosed petitioner with schizophrenia, and wanted to rule out schizoaffective disorder, bipolar disorder with psychosis, cannabis-induced psychotic disorder, and/or eating disorder not otherwise specified. Id.

From January 18 to 25, 2014, petitioner was at University Hospital and Medical Center. Id. at 52. Dr. Tanveer Sobhan wrote that petitioner was focused on food. Id. He was hyperverbal, tangential, and paranoid. Id. He had cravings for marijuana. Id.

From March 21, 2014 to September 9, 2014, a total of 173 days, petitioner was at New Directions for Young Adults, diagnosed with schizoaffective disorder, bipolar type. Med. recs. Ex. 12, at 1. He had a continued lack of commitment to sobriety. Id. at 2. He needed insight into his problem with substance abuse. Id.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a

3

showing of a proximate temporal relationship between vaccination and injury." <u>Althen v. Sec'y of HHS</u>, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In <u>Althen</u>, the Federal Circuit quoted its opinion in <u>Grant v. Secretary of Health and Human Services</u>, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" <u>i.e.</u>, "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." <u>Grant</u>, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  <u>Id.</u> at 1148.

Petitioner must show not only that but for either or both flu and hepatitis A vaccines, he would not have seized, but also that either or both vaccines was a substantial factor in causing his seizure.  <u>Shyface v. Sec'y of HHS</u> 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Moreover, even if petitioner proved that either or both flu and hepatitis A vaccines caused his seizure one day later, he would still have to prove that he had more than six months of sequelae.  42 U.S.C. § 300aa-11(c)(1)(D)(i).

The Vaccine Act does not permit the undersigned to rule for petitioner based on his claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1).  In this case, petitioner's medical records do not substantiate petitioner's claim of causation both in terms of causation of his one seizure and of his having sequelae for more than six months.  Moreover, petitioner has not filed an expert medical opinion substantiating his claim of causation in fact.

The undersigned **GRANTS** petitioner's motion for a decision on the written record and **DISMISSES** this case for petitioner's failure to prove by a preponderance of the evidence the matters required in the petition.  42 U.S.C. § 300aa-13(a)(1).

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

May 8, 2015                                                                        s/Laura D. Millman
DATE                                                                                  Laura D. Millman
                                                                                          Special Master